EDWARD JONES & others *vs.* HUGH DOUGLASS & others.

April Term, 1874.

ADMINISTRATION—LOSS OF ASSETS—SALE OF REALTY.—Realty descended may be subjected to the satisfaction of the debts of the decedent, where the goods and chattels of the estate which came to the hands of the personal representative, or the notes taken upon sale thereof, and good when received, are lost without fault on his part.

*Jno. D. Fare,* for complainants.
*George B. Guild,* for infants.

THE CHANCELLOR :—The original bill was filed in this case to sell realty for the purpose of paying the debts of the estate of G. F. Jones, and also for division among the heirs. Upon the hearing, I was of opinion that the bill was fatally defective so far as it sought to subject the realty to the payment of the debts of the ancestor, because the necessary parties were not before the court to show that the personal assets had been exhausted. An amended and supplemental bill was thereupon filed by the administrator *de bonis non* for the purpose of supplying the defect. To this bill the personal representative of Ann M. Jones, who administered first upon the estate of George F. Jones, and died pending the administration, was made a party defendant. Proper accounts were ordered to be taken both of the first administration, and of the administration *de bonis non*, and the clerk and master has made his report, which shows that the assets of the estate actually realized have all been properly exhausted. He also reports, however, that the intestate left on hand a stock of goods which were sold by Ann M. Jones, administratrix, to solvent parties, who gave notes for the

value of the goods payable monthly, but failed after paying several of the notes, leaving about $3,000 of the purchase-money unpaid. The clerk and master further reports that the administratrix made the sale in good faith, " and that it was no fault of hers that they—the purchasers—failed." The proof shows that the administratrix acted under the advice of counsel, and believed that the course she pursued was the best she could do for the interests of the estate. The evidence is not, perhaps, as full as it ought to be in regard to the circumstances of the sale, but the guardian *ad litem* of the infants, and the adult heirs have filed no exceptions, and are doubtless satisfied with the correctness of the finding.

Upon this state of facts the question submitted to me is this : If personal chattels of the intestate, sufficient to pay debts, have come to the hands of the personal representatives, but have been lost before being turned into money and duly administered, does the loss fall upon the creditors or the heirs?

This question is now, and has been for a year or more before the Supreme Court at Jackson under advisement, in a case where the personalty was taken or destroyed by the armies during the late civil war. It is not a question of *devastavit* by the administrator, for, in that view, the administrator and the sureties on his official bond would be bound, and the loss, if any, would have to be borne by the creditors. *Peck* v. *Wheaton*, M. & Y. 359 ; *Gilman* v. *Tisdale*, 1 Yer. 285 ; *Elliot* v. *Patten*, 4 Yer. 10. Nor is the point the same as came before the court in *S. J. Crabtree* v. *J. H. Shelly*, administrator, in which the opinion was delivered by Judge McFarland, an extract from which has been furnished me by the guardian *ad litem*. In that case, the supreme court held that if sufficient realty has once been sold to meet the deficit of personalty to pay debts and legacies, the realty is thenceforth exonerated, and the loss, if any, must be borne by the creditors and legatees. The reason is that the court has exhausted its power by a sale of

sufficient realty to meet the demand, and extinguished the burden. The question here is different, namely, whether property of the estate lost without fault of the administratrator is assets at all with which she can be chargeable. For, if she is not chargeable, it is clear the creditors are not.

From Comyn's Digest, Assets D, we find that chattels which come to the hands of personal representatives are not assets with which they are chargeable for the payment of debts and legacies, if lost without their fault; as if cattle die, or goods are destroyed by enemies, or stolen, or a ship perishes by tempest. So, it was held at an early day, that the administrator is not chargeable in equity with goods taken by robbery from the custody of his solicitor or bailee. *Jones* v. *Lewis*, 2 Ves. 241. And in the case of *Holt and Holt*, 1 Ch. Ca. 190, the executor had given a recognizance for payment of a legacy, and afterwards the assets becoming deficient to pay the debts by the great fire in London, he was relieved in equity against the recognizance. So, of money taken by robbery from the administrator or his bailee for safe keeping. *Furman* v. *Coe*, Caine's Cases, 96 ; *Stevens* v. *Gage*, 55 N. H. —. These decisions are in accord with the general principles which regulate the liabilities of fiduciaries. Perry on Trusts, § 407, and cases cited. They are held to such diligence and care as a prudent man should exercise in the management of his own business. The law is not so rigid as to deter prudent men from assuming the responsibilities of the position, nor yet so loose as to allow estates to be wasted. I am unable to find anything in conflict with these principles and these decisions.

The Master's report will be confirmed, and the proceeds of the realty decreed to the creditors, less the costs and expenses, including reasonable compensation to the guardian *ad litem.*